Thomas A. Aceituno
PO Box 189
Folsom, CA 95763-0189
Telephone: (916) 985-6486
Email: trustee@acetrustee.com

Bankruptcy Trustee

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

In Re,

HULLUM, SYLVESTER

HULLUM, VERA SERENA

    Debtor(s)

Case No. 13-32244-C -7

DCN: TAA-2
DATE: February 18, 2014
TIME: 9:30 AM
DEPT.: C

MOTION FOR SALE OF ASSETS

and

DECLARATION OF THOMAS A. ACEITUNO

I, THOMAS A. ACEITUNO, the duly appointed trustee in the above entitled matter, hereby move for an order authorizing the sale of real property commonly known as 5871 Hillsdale Blvd., Sacramento, California for a total of $128,000, subject to overbids at the time of hearing:

1. The Debtor herein filed bankruptcy on September 18, 2013. I have been appointed Trustee for the bankruptcy estate.

2. The Debtors are the beneficiaries of the Hullum Family Trust. The Hullum Family Trust owns real property commonly known as 5871 Hillsdale Blvd.,

Sacramento, California (County Assessor's Parcel No. 220-0326-004-0000 hereafter the "Real Property"). The Real Property is held as rental property. Although the property is held in the name of the Hullum Family Trust, the Debtors have agreed to cooperate with the sale of the Real Property for the benefit of the bankruptcy estate.

3. The Debtors have made no claim of exemption in the Real Property.
4. I have received and accepted an offer to purchase the Real Property from Evergreen Mortgage Servicing, LP (hereafter the "Buyer"). A copy of the Agreement is filed herein as Exhibit 1. The major terms of the agreement are as follows:

   a. The gross purchase price is $128,000.
   b. Buyer has delivered into escrow a deposit of $2,000.00. The deposit shall be increased to five percent (5%) of the purchase price upon court approval. The deposit becomes non-refundable upon certain conditions.
   c. The purchase is subject to court approval and the consideration by the court of overbids at the time of hearing.
   d. Obtaining a loan is not a condition of the agreement.
   e. Close of escrow will be no more than 20 days from the date of entry of the order approving the sale.
   f. Buyer and seller will each pay one half of escrow and title fees was well as county and city transfer taxes.
   g. The sale is contingent upon removal of liens by the Franchise Tax Board and the Internal Revenue Service.

2. On November 21, 2013, this court approved the employment of Lisa McKee of Lyon Real Estate as realtor for the estate (Docket No. 16).

3. I have reviewed a Preliminary Title Report prepared by Placer Title Company, dated December 10, 2013. A copy of the Title Report is filed herein as Exhibit 2. According to the report, the Real Property is not held subject to any Deed of Trust reflecting mortgage or other financing. There are several tax liens, including liens by both the Franchise Tax Board and the Internal Revenue Service. The FTB liens appear to be senior to those of IRS. According to Claim No. 2 filed by FTB on Dec. 19, 2013, FTB is owed approximately $67,300 on its secured claim (the total claim is approximately $73,000). The status of the IRS lien is unclear. Although the Preliminary Title Report reflects a lien recorded as in 2005, I have received copies of lien releases that appear to remove this lien. More recent liens were recorded by the IRS in August and October 2013, however these liens were recorded within 90 days of the filing of the bankruptcy and may therefore be avoidable. I am in communication with the IRS to clarify the status of its liens.

4. I am not proposing a sale free and clear of liens. Rather, the sale agreement is contingent upon release of liens by both FTB and IRS. At this point I anticipate paying FTB in full based on its senior lien, and working out an agreement with IRS as to treatment of its claim. I would note that even if the IRS did not have a lien, or agrees to release its lien, IRS would have a very substantial priority tax claim in the bankruptcy estate and would likely receive the benefit of any distribution of funds of the estate.

5. Assuming IRS releases any lien, I have estimated that the sale as proposed above will generate approximately $51,000 net equity after payment of costs of sale, liens and exemption of the Debtor.

6. The time for the filing of timely claims has not yet passed. However, based upon the schedules filed in the case, it appears that the IRS and FTB are the only entities to hold substantial priority tax claims in the estate and would therefore receive all of the net distribution to creditors in this case.

For the reasons above, I pray for an order of the court as follows:

1. Authorizing the sale of real property commonly known as 5871 Hillsdale Blvd., Sacramento, California (County Assessor's Parcel No. 220-0326-004-0000 ) to Evergreen Mortgage Servicing, LP or its designee for a purchase price of $128,000 upon the terms and conditions expressed in the Residential Purchase and Sale Agreement Dated January 13, 2014.

2. Authorizing the Trustee to pay realtor compensation in an amount not to exceed six percent (6%) of the gross sale price.

3. Authorizing the Trustee to execute all documents necessary to conclude the sale.

4. Requiring close of escrow no later than 20 days from the date of entry of the order approving the sale.

Respectfully submitted:

DATE: January 21, 2014                    /s/ Thomas A. Aceituno

DECLARATION OF THOMAS A. ACEITUNO

I, Thomas A. Aceituno, hereby declare under penalty of perjury:

1. I am the Trustee in this case.
2. I have reviewed all of the foregoing and it is true and correct and if called I would so testify.

DATE:  January 21, 2014                             /s/ Thomas A. Aceituno